SUCCESSION OF CHARLES MORGAN—MATHEW MORGAN and another, Executors, Appellants.

Heirs of full age may make an extra-judicial partition of the property coming to them. So the legatees may compound, or give a valid discharge.

A testator, owing no debts, directed his property to be turned into cash, and bequeathed the residuum, after the payment of certain legacies, to a trustee for the propagation of the Christian religion. The heirs and legatees, being all of age, and the trustee, for the purpose of saving expense and to avoid a sale of the property at an unfavorable period, agreed to a division in kind, and the executors prayed that an account and partition, made in conformity to such agreement, should be homologated, and the decree taken as a final settlement and partition of the estate, to which no opposition was made. *Held*, that the heirs had a right to enter into such a compromise; that the trustee, being responsible only to the heirs for the manner of executing the will of the testator, was authorized, by their consent, to agree to the arrangement; and that the compromise, not being one reprobated or prohibited by law, should be carried into effect.

APPEAL from the Court of Probates of New Orleans, *Bermudez, J.*

, This case was submitted, without argument, by the appellants, and by *L. C. Duncan,* for the absent heirs.

BULLARD, J. The executors of the last will of the late Charles Morgan presented their petition to the Court of Probates, representing that they had submitted to the persons interested, who reside in New York, the inventory of the estate duly approved by the court, as also their account of their administration, which account they file with the petition, which was approved, and the approval certified under the proper signatures of the parties, with an acknowledgement of full payment of all the legacies contained in the will, together with full releases, exonerating the executors from any further trust in relation to the estate. They further represent and show that the widow, heirs, and legatees, and all persons interested in the estate, who are proved to be of full age, together with their acknowledged agent in this State, have expressed their willingness and desire that said account should be homologated and approved by the Court of Probates, and that the decree of the court homologating and approving said account should be taken and considered as a decree of partition and final settlement of the estate of said Charles Morgan situated in the parish and city of New Orleans, and that the titles to the different pieces of property detailed in the inventory be adjudged to be vested as set forth in the said settlement and partition.

Upon presenting this petition, it was ordered that public notice be given to the creditors of the succession and all others interested, to show cause why the account filed by the testamentary executors should not be approved and homologated, the funds distributed in accordance therewith, and the executors discharged from all further trust and liability in the premises.

It appears that the publications were made accordingly, and that no opposition was made from any quarter. The executors then moved the court for a judgment homologating the account rendered, and the partition among all persons concerned. But the court being of opinion that the executors had totally disregarded the will of the deceased, and that, " instead of selling the property of the succession, as directed by the will, to make *certain* the

legacy of the residuum in favor of the *imaginary being*, the religion and church of Christ within the United States, they were applying to the court for their discharge and the conveyance to themselves of a full and complete title to the property of the succession, in virtue of a compromise or transaction with the Rev. Manton Eastburn, to whom they erroneously give the title of universal heir of the deceased," refused to homologate and approve the account, except as to the debit side from No. 1 to 13 inclusive; but ordered a lot of ground, specially bequeathed to the widow, to be delivered to her, and refused to discharge the executors, whereupon they appealed.

The testator, by his will, disposed of the residuum of his estate, after paying certain legacies, to religious purposes, and appointed the Rev. Manton Eastburn his trustee for the application of the fund to the uses for which it was destined. The vouchers filed with the petition show that the heirs, executors, and trustee, in order to save the loss and expense of reducing the whole estate into money by a sale at a time when real property is much depreciated, agreed that the property should be taken to be of the value set forth in the inventory approved by the Court of Probates; that the money legacies should be paid; and that the residuary legatee, instead of requiring a literal compliance with the terms of the will, should receive the sum of $15,000 as the residuum coming to him for the charitable uses designed by the testator. All parties consented to this arrangement, as well as the two executors, who are, at the same time, heirs of the testator. Their capacity to enter into such a compromise, and to agree to a partition of the property in kind among the heirs, cannot be doubted. The only possible doubt which could arise, would relate to the authority of the trustee to consent to accept a certain sum, in lieu of such residuum as might be paid over to him by the executors after causing the whole property to be reduced to cash. But to whom is the trustee responsible for the manner in which he performs the trust? To the heirs of the testator alone, who have a right to require of him to apply the fund faithfully. The religion and church of Christ, for the propagation of which the legacy was intended, have no faculty *standi in judicio*. It is to the heirs of Morgan alone that the trustee is to account, as they alone have

a right to supervise his proceedings. The only question, therefore, is, whether such a compromise, among all the parties of age and capable of acting for themselves, be reprobated or forbidden by law, so as to make it the duty of the Court of Probates to interfere, *ex officio*, and refuse its sanction to the proceedings. The right of heirs of full age to come to a partition extra-judicially, has never been disputed; and the right of legatees to compound and to give a valid discharge, is equally clear. We cannot concur in the conclusion to which our learned brother of the Court of Probates has come, that it is the duty of the court to refuse its sanction to an arrangement not forbidden by law, and in which we see nothing immoral, unless it be so to rescue property from the vortex of administration, and by saving unnecessary expense, preserve the rights of the heirs, at the same time that the pious wishes of the testator are accomplished, and probably a larger sum saved for those purposes than if a sale had been made in literal compliance with the terms of the will.

It is, therefore, ordered that the judgment of the Court of Probates be reversed, and that the account rendered by the executors and approved by the heirs and legatees, be approved and homologated, and that they be discharged as executors. And it is further decreed that the settlement, liquidation, and partition of the estate of Charles Morgan, deceased, as set forth in the vouchers on file and in the petition, be, and the same are hereby approved and homologated; and that the costs be paid out of the estate.